By the Court, Cowen, J.
By the mortgage and default in payment, the plaintiff became absolute owner at law, however he might be viewed in equity. He was entitled to take possession at any time from the mortgagor, who then became a mere naked bailee. Nor did the filing of a copy of the mortgage and a statement, pursuant to the act of April 29th, 1833, admitting that it took place anterior to the seizure, work an extension of credit. The object in such cases is to hold the property as against creditors under the original stipulations in the mortgage, and for this purpose alone is it required by the statute. There is nothing in it at all incompatible with insisting on immediate payment, or the effect of the forfeiture.
The mortgage was clearly fraudulent within the repeated decisions of this court; and under our own rule, and perhaps the rule of England, and every state in the union except this, it would’be our duty to pronounce it so, and order a new trial as against the weight of evidence. There was, however, some evidence of a good consideration; and since the decision of the court for the correction of errors in Smith & Hoe v. Acker, (23 Wend. 653,) we have held, and must continue to hold, that the jury have a right, in their discretion, to excuse possession in the mortgagor; and that we cannot interfere, as we may do when they decide against the weight of evidence on a question of fact in other cases.
It is also insisted, that the learned judge erred in allowing oral evidence to show the, time when the parties intended that the mortgage should be payable. An impossible time for payment was mentioned—1830, in a mortgage dated in 1837. This, in legal effect, was the same as if no time had been specified, and the money was therefore payable immediately. (Thompson v. Ketcham, 8 John. R. 189.) You can no more contradict the legal ef *476 feet of a written contract by oral evidence, than its express provisions. As between the parties to the mortgage, therefore, the oral evidence would not have been admissible. This was held in Thompson v. Ketcham. But that is not quite so clear as between the mortgagee and the sheriff, on the question of fraud. That the parties intended the debt should be payable immediately, would have added color to the fraudulent intent inferrible from a want óf change in the possession. This was in a degree tepelled, [though, I admit, it was a small circumstance,) by showing the mistake of the draftsman. On questions of fraud like this, which is inter alios, the objection of an estoppel does not apply, as it would if the litigation were between the immediate parties.(a)
On the whole, therefore, I am of opinion that the motion for a new trial should be denied.
New trial denied.

 See Johns v. Church, (12 Pick. 557, 560, 1;) Henderson v. Dodd, (1 Bail. Eq. Rep. (So. Car.) 138, 9, per Evans, J.;) Champion v. Butler, (18 John. R. 169 ;) Tripp v. Hathaway, (15 Pick. 47.)